**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

CASE NO.

NATISHA RIESKE, on behalf of herself
and those similarly situated,

      Plaintiff,

v.

ACCOUNTING FULFILLMENT SERVICES LLC.
a Foreign Limited Liability Company, (dba)
1-800ACCOUNTANT, MICHAEL SAVAGE, individually
and Brendon Pack, individually,

      Defendants,

_____/

**<u>COLLECTIVE ACTION COMPLAINT</u>**

Plaintiff Natisha Rieske ("Plaintiff" or "Rieske ") on her behalf and all others similarly situated, files this Collective Action Complaint against Defendant, Accounting Fulfillment Services LLC.(dba) 1-800ACCOUNTANT ("AFS" or "Defendant"), a Foreign Profit Corporation, Michael Savage, individually ("Defendant" or "Savage") and Brendon Pack, individually,("Defendant" or "Pack") (collectively, "Defendants") as joint employers seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") on behalf of Plaintiff and all current and former Customer Service Representatives(hereinafter, "CSR") (and other employees holding comparable

positions, but different titles) who worked for   Defendants in-office or remote throughout the United States, as follows:

Plaintiff seeks to conditionally certify the following class of current and former employees who worked for Defendants as follows:

**All current and former hourly and salary-paid call center Customer Service Representatives(and other employees holding comparable positions but different titles) who worked for Defendants nationwide anytime in the past three (3) years who worked forty (40) or more hours in one or more workweeks, who were not paid proper overtime compensation for hours worked over forty (40) per workweek under the FLSA by Defendants.**

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction pursuant to pursuant to 29 U.S.C. §216(b).

2.     Defendants are subject to personal jurisdiction in the Middle District of Florida.

3.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because Plaintiff was employed by Defendants in this District and a substantial part of the events or omissions giving rise to the claim occurred within this District.

4.     Defendants are covered employers within the meaning of the FLSA.

2

## THE PARTIES

5.    At all times material hereto, Plaintiff resided in or around Orange County, Florida.

6.    During all relevant times, Defendants employed Plaintiff as an CSR from October 2021, through September 13, 2024, at Defendants' call center in Largo, Florida.

7.    Plaintiff's written consent to join this action is attached as Exhibit A.

8.    Defendant, Accounting Fulfillment Services LLC., a Foreign Limited Liability Company, (dba) 1-800ACCOUNTANT with its principal place of business in Florida at 6565 Ulmerton Road, Largo, FL 33771[1].

9.    Defendant 1-800Accountant holds itself out to the public via its website as: "America's largest virtual accounting firm for small businesses. Our mission is to provide financial expertise to small businesses in every industry. Our services are powered by a mix of expert CPAs and technology, enabling businesses to minimize tasks while maximizing tax savings. This allows owners to focus their time and energy on growing their businesses while we handle the rest".[2]

10.    Defendants, upon information and belief, employed upwards of 400 or more employees or more at any given time.

---

[1] 1-800Accountant is a fictitious name filed with the Florida Department of Corporations, by the owner, Accounting Fulfillment Services, LLC. *See* Sunbiz attached as Exhibit B.
[2] *See https://1800accountant.com/about* (last viewed January 20, 2025).

3

11.   Defendants; claim to serve clients in fifty (50) states and sixty-nine cities across the United States. *See* attached as Exhibit C.

12.   Within the relevant period, Defendant 1-800Accountant is a registered Florida company doing business in Largo, Florida, and throughout the State of Florida where Plaintiff worked for Defendants.

13.   Within the relevant period, Defendant, Savage was and is an individual who owned and operated 1-800Accountant and as Chairman of the Board regularly exercised authority over the employees.

14.   Within the relevant period, Defendant Pack was and is an individual who owned and operated 1-800Accountant and as CEO regularly exercised authority over the employees.

15.   Defendants operate in interstate commerce by providing insurance to customers across the State of Florida.

16.   Defendants' gross annual revenue for each year in which the named Plaintiff, and the putative class members worked, either individually, or jointly, exceeded $500,000.00.

17.   At all relevant times, Defendants are, and have been, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203(d).

4

18. Defendants are employers as defined by the FLSA, in that Defendants, during all times relevant and in each year during the relevant statute of limitations, had employees regularly engaged in interstate and intrastate commerce, and likewise engaged in business transactions across state lines and with products and goods created outside Florida, and imported in for local use.

19. Defendants are joint employers over Plaintiffs and the putative class members, in that Defendants: (a) jointly determined, shared, and allocated the power to direct, control, or supervise Plaintiff, and the putative class, by direct or indirect means; (b) jointly determined, shared, and allocated the power to—directly or indirectly—hire or fire Plaintiff and the putative class, or modify the terms or conditions of Plaintiff and the putative class' employment; (c) shared management or a direct or indirect ownership interest, and interchangeably controlled, or were controlled by, each other; and (d) jointly determined, shared, and allocated responsibility over functions ordinarily carried out by an employer, such as handling payroll, providing workers' compensation insurance, paying payroll taxes, or providing the facilities, equipment, tools, or materials necessary to complete the work.

20. Defendants are "joint- employers" under the FLSA by virtue of their rigorous control and unified operations. Defendants share employees or interchange

employees and work in the direct interest of one another.  Further, work performed by Plaintiff and the putative class, benefit each Defendant.

## COLLECTIVE ACTION ALLEGATIONS

21.    Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute her FLSA claim as a collective action on behalf of all current and former CSRs, and other similarly situated current and former employees holding comparable positions but different titles, who are or were employed by Defendants (at any time from January 2022 to the entry of judgment in this case.

22.    Defendants are liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiff and the Putative FLSA Collective members.

23.    There are many similarly situated current and former CSR's (and other employees holding comparable positions, but different titles) who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Putative FLSA Collective members pursuant to 29 U.S.C. § 216(b).

24.    With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because, under 29 U.S.C. § 216(b), the call center employee described is "similarly situated" to Plaintiff. The class of employees on behalf of whom Plaintiff bring this collective action are similarly situated because

6

(a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan (namely, Defendants' practices, policy, or plan of not paying their call center employees for compensable work performed in excess of forty (40) hours per workweek at an overtime premium pay and Defendants' practices, policy, or plan of failing to include their non-discretionary bonuses pay in calculating their regular rate of pay used to pay overtime compensation); (c) their claims are based upon the same legal theories; and (d) the employment relationship between Defendants and every putative FLSA Collective member is exactly the same, and differs only by name, location, and rate of pay.

25.    Plaintiff estimates that the FLSA Collective, including both current and former employees over the relevant period, will include several hundred members who would benefit from the issuance of a court-supervised notice of this action and the opportunity to join it. The precise number of collective class members should be readily available from a review of Defendants' personnel, scheduling, time and payroll records, and from input received from the collective class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

26.    Plaintiff and the Putative FLSA Collective members, all of whom regularly worked more than 40 hours in a workweek, were employed as CSR's(or similar  by Defendants.

7

27.     Further, Plaintiff and those similarly situated worked more than forty (40) hours per workweek without receiving the proper overtime pay for all their overtime hours worked because Defendants failed to calculate the overtime pay rate to include non-discretionary bonuses properly.

28.     Throughout the relevant period, it has been Defendants' policy, pattern, or practice to require, suffer, or permit the Plaintiff and the Putative FLSA Collective members to work in excess of 40 hours per workweek without paying them overtime wages for all overtime hours worked.

29.     Defendant assigned the work that the Plaintiff and the Putative FLSA Collective members have performed, or Defendant were aware of the work they performed.

30.     The work performed by the Plaintiff and the Putative FLSA Collective members constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimus*.

31.     Defendants were aware, or should have been aware, that the FLSA requires it to pay the Plaintiff and the Putative FLSA Collective members an overtime premium for hours worked in excess of 40 hours per workweek.

32.     Defendant has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiff and the Putative FLSA Collective members, which policy, pattern or

8

practice was authorized, established, promulgated, and/or ratified by corporate headquarters. This policy, pattern or practice includes but is not limited to:

a. willfully failing to record all of the time the Plaintiff and the Putative FLSA Collective members have worked for the benefit of Defendants;

b. willfully failing to keep accurate time records as required by the FLSA;

c. willfully failing to credit the Plaintiff and the Putative FLSA Collective members for all hours worked including overtime hours, consistent with the requirements of the FLSA; and

d. willfully failing to pay the Plaintiff and the Putative FLSA Collective members wages for all hours worked including overtime wages for hours in excess of forty (40) hours per workweek.

## PLAINTIFF'S WAGE AND HOUR ALLEGATIONS

33. Consistent with policy, pattern or practice, Plaintiff and the Putative FLSA Collective members regularly worked in excess of 40 hours per workweek without being paid overtime wages.

34. All Putative FLSA Collective members performed the same primary job duties.

35. The primary duties that Plaintiff and the other CDs regularly performed include, but not limited to:

a. Customer service;

b.  operations duties;

c.  taking payments;

d.  selling services;

e.  answering phones; and

f.  clerical and data entry duties.

36.    Plaintiff and the other similarly situated current and former CSR's primary job duties ***did not include***:

a.  Hiring

b.  Firing

c.  Setting rate(s) of pay;

d.  Scheduling; or

e.  Disciplining other employees.

37.    Plaintiff and the other CSR's did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

38.    Plaintiff and the other CSRs' primary duties were customer service and sales related.  Customer service and sales occupied the majority of the Plaintiff and the other MSNs' working hours.

39.    Plaintiff and the other CSR's were working ten (10) or more hours per day, six (6) to (7) hours per week.

10

40.    Plaintiff and the other CSR's were paid classified as salary exempt and in 2022, Defendants HR Supervisor called a meeting and explained to Plaintiff as well as other CSR's that they would benefit from moving from salary exempt to hourly paid.

41.    Plaintiff was hired as an hourly paid CSR and paid $18.00 per hour, plus commissions.

42.    In 2022, Defendants held a company meeting and told all employees that the company will no longer pay proper one- and one-half times the regular rate for overtime hours worked over forty(40) per workweek, instead they would pay employees straight time for all hours worked and deduct it from any commissions earned.

43.    The FLSA subjects "every employer subject to any provisions of the Fair Labor Standards Act" to maintain employee records. 29 C.F.R. § 516.1.

44.    An employer is mandated to maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and the total hours worked by each employee each workweek. See id. § 516.2.

45.    Upon information and belief, Defendant failed to establish, maintain and preserve accurate timesheet and payroll records as required by the FLSA.

11

46.    When the employer fails to keep accurate records of the hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946) is controlling. That rule states:

> [w]here the employer's records are inaccurate or inadequate an employee has carried out his burden if he proves that he has in fact performed worked for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. *Id.*

47.    The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer to reap the benefits of the employees' labors without proper compensation as required by the FLSA. Where damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the Act." *Id.*

48.    Pursuant to a centralized, company-wide policy, pattern, and practice, Defendants classified all CSRs as exempt from coverage of the overtime provisions of the FLSA and applicable state laws, no matter how they were paid,

12

either salary or hourly.

49.        The 207(i) Exemption, 29 U.S.C. §207(i) ("Exemption") has three requirements:

> a. The employer must be "a retail or service establishment;"
> b. The employee's regular rate of pay must be "in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title;" and
> c. "more than half [the employee's] compensation for a representative period (not less than one month) represents commissions on goods or services."

29 U.S.C. § 207(i).

47.    This Exemption does not apply because Plaintiff believes all requirements are not met.

48.    Defendants have the burden to prove that the FLSA exemption applies. *See Goldberg v. Warren G. Kleban Eng'g Corp.*, 303 F .2d 855, 859 (5th Cir. 1962) ("The burden was on the employer to establish that these significant portions of its operation in excess of the 25% tolerance were not "sales for resale."); *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 394, 80 S. Ct. 453, 457, 4 L. Ed. 2d. 393 (1960).

49.    Defendants' business is not a retail or service establishment because upon information and belief, Plaintiff believes that more than 50% of Defendants' sales were interstate.

50.    The Exemption requires more than 50% of Defendants' sales to be intrastate:

The first test specified in section 13 (a)(2) is that more than 50 percent of the sales of goods or of services (or of both) of a "retail or service establishment" (Measured by annual dollar volume) must be made "within the State in which the establishment is located". This limitation means that such establishment must be primarily engaged (more than 50 percent) in selling to or serving customers within its State.  If the establishment is engaged to the extent of 50 percent or more in selling to or serving customers outside the State of its location, the requirement is not met and the establishment cannot qualify for exemption.

29 C.F.R. §779.339 More than 50 percent intrastate sales required.

51.        Defendants did not perform a person-by-person'analysis of every CSR's job duties when making the decision to classify all of them (and other employees holding comparable positions but different titles) as exempt from the FLSA's overtime protections, as well as the protections of any applicable state laws.

52.    Upon information and belief, Defendants' unlawful conduct described in this Collective Action Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

53.    Defendants' unlawful conduct has been widespread, repeated and consistent.

## FIRST CAUSE OF ACTION

**Fair Labor Standards Act: Unpaid Overtime Wages Brought on Behalf of Plaintiff and the Putative FLSA Collective Members**

54.    Plaintiff and the Putative FLSA Collective members, reallege and incorporate by reference all prior paragraphs as if they were set forth again herein.

14

55.   Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective Action Complaint.

56.   Plaintiff and the Putative FLSA Collective members have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

57.   The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq.* apply to Defendants.

58.   At all relevant times, Plaintiff and the Putative FLSA Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

59.   Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

60.   At all times relevant, Plaintiff and the Putative FLSA Collective members were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

61.   Defendants have failed to pay Plaintiff and other similarly situated Putative FLSA Collective members the overtime wages to which they were entitled under the FLSA.

62.   Defendants' violations of the FLSA, as described in the Collective Action Complaint, have been intentional and willful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the other similarly situated Putative FLSA Collective Members.

15

63.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as may be tolled by equity or agreement of the parties.

64.     As a result, Defendants violations of the FLSA, Plaintiff and all other similarly situated Putative FLSA Collective members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et. seq.*

65.     As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated Putative FLSA Collective members have been deprived of overtime compensation and other wages damages, prejudgment interest, attorneys' fees, costs, and other compensation in amounts to be determined at trial, and are entitled to recover such amounts, liquidated U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated Putative FLSA Collective members, prays for the following relief:

A.     At the earliest possible time, Plaintiff be allowed to give notice of this collective action, or the Court issue such notice, informing all similarly situated CSR's of the nature of this action and of their right to join this lawsuit;

B.     Certification of the collective consisting of Plaintiff and all similarly situated CSR's;

C.     Designation of Plaintiff as representative of the Putative FLSA

16

Collective, and counsel of record as Class Counsel;

D.    Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 et seq. and the supporting United States Department of Labor regulations and the employers share of FICA, FUTA, state unemployment insurance and any other employment taxes;

E.    Pre-judgment interest and post-judgment interest, as provided by law;

F.    Attorneys' fees and costs of this action;

G.    Payment of a service award to Plaintiff, in recognition of the services she has rendered, and will continue to render, to the Collective; and

H.    Such other relief as this Court deems just and proper.

**_(Remainder of page left intentionally blank)_**

## **DEMAND FOR TRIAL BY JURY**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated this 21st day of January, 2025.

Respectfully submitted,

**/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No.: 85476
RICHARD CELLER LEGAL, P.A.
7951 SW 6th Street
Suite 316
Plantation, FL  33324-4241
Telephone No.: (866) 344-9243
Facsimile No.: (954) 337-2771
Email:
**noah@floridaovertimelawyer.com**

*Trial Attorneys for Plaintiff*

18