## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**NATISHA RIESKE,**

      Plaintiff,

                    Case No. 5:25-cv-45-CEM-PRL

**v.**

**ACCOUNTING FULFILLMENT
SERVICES LLC,** *et. al.,*

      Defendants.

_____/

## DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES

Defendants hereby file their Answer and Affirmative Defenses to Plaintiff's Collective Action Complaint. [D.E. 1]. All allegations are denied unless expressly admitted. Defendants deny all liability.

## JURISDICTION AND VENUE

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted as to Defendant AFS only, otherwise denied.

## THE PARTIES

5. Denied, Plaintiff resides in Lake County, Florida.

6. Admitted.

1

7.   Admitted.

8.   Admitted.

9.   Admitted.

10.  Denied.

11.  Admitted.

12.  Admitted.

13.  Denied, except Defendant Savage was Chairman of the Board.

14.  Denied, except Defendant Pack was CEO.

15.  Denied.

16.  Admitted.

17.  Admitted as to AFS, otherwise denied.

18.  Admitted as to AFS, otherwise denied.

19.  Denied.

20.  Denied.

## COLLECTIVE ACTION ALLEGATIONS

21.  Admitted.

22.  Denied.

23.  Denied.

24.  Denied.

2

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Admitted as to AFS, otherwise denied.

30. Admitted.

31. Admitted, however Plaintiff was exempt.

32. Denied.

## **PLAINTIFF'S WAGE AND HOUR ALLEGATIONS**

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Admitted as to Plaintiff's initial hiring, otherwise denied.

42. Denied.

43.   Admitted.

44.   Admitted.

45.   Denied.

46.   Admitted to the extent that is what *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946) says, but otherwise denied.

47.   Admitted to the extent that the quoted language is found in *Anderson*, but otherwise denied.

48.   Denied.

49.   Admitted.

47.   Denied.[1]

48.   Admitted.

49.   Denied.  Furthermore, Plaintiff's reference to the repealed intrastate sales requirement is frivolous and should be stricken.

50.   Denied. The intrastate sales requirement was repealed and any reference to it is stricken.

51.   Denied.

52.   Denied.

53.   Denied.

[1] The Complaint has a serious formatting issue.

## FIRST CAUSE OF ACTION

54.    Defendants adopt their responses to paragraphs 1–56.

55.    Denied.

56.    Defendants lack sufficient knowledge to admit or deny the allegation.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.    The Complaint fails, in whole or in part, to state a claim against Defendants upon which relief can be granted.

2.    Plaintiff's claims are barred, in whole or in part, because Plaintiff was not harmed as alleged in the Complaint.

3.    Defendants' actions were taken in good faith and were not willful or intentional.

4.    Plaintiff failed to mitigate her damages.

5.    Plaintiff and her claims do not meet the requirements of the Fair Labor Standards Act and other provisions of law maintaining the action as a collective action.

6.    Non-plaintiffs have no standing to assert any claims or otherwise participate in this action.

7.    Plaintiff's Collective Action Complaint relies on 29 U.S.C. § 213(a)(2) which was repealed in 1989.

8.    Plaintiff is exempt from overtime pursuant to 29 U.S.C. § 207(i), commonly known as the retail sales exemption.

## CONCLUSION

Having answered the Collective Action Complaint and denying all liability, Defendants request dismissal of this lawsuit, a final judgment in favor of Defendants, and all taxable fees and costs.

Respectfully submitted,

Matthew Seth Sarelson, Esq.
Florida Bar No. 888281

6

Zachary Stoner, Esq.
Florida Bar No. 1032816
**DHILLON LAW GROUP, INC.**
Counsel for Defendants
1601 Forum Place, Suite 403
West Palm Beach, Florida 33401
305.773.1952
msarelson@dhillonlaw.com
lalmira@dhillonlaw.com