# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

NATISHA RIESKE,

    **Plaintiff,**

**v.**                                                      **Case No: 5:25-cv-45-CEM-PRL**

ACCOUNTING FULFILLMENT
SERVICES LLC, d/b/a 1-
800ACCOUNTANT, et al.,

    **Defendants.**

_____

### REPORT AND RECOMMENDATION[1]

This Fair Labor Standards Act ("FLSA") case is before the Court on the parties' joint motion to approve their settlement and dismiss the lawsuit with prejudice. (Doc. 59). The Court must determine whether the settlement between Plaintiff and Defendants is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act ("FLSA") issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982).

### I.    LEGAL STANDARDS

If a settlement is unsupervised by the Department of Labor, compromise of FLSA claims is only available "[w]hen employees bring a private action for back wages under the FLSA, . . . present to the district court a proposed settlement, [and it] . . . enter[s] a stipulated

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> employees are likely . . . represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages . . . actually in dispute; we allow the district court to approve the settlement . . . to promote the policy of encouraging settlement of litigation.

*Id.*

## II.    DISCUSSION

The FLSA Settlement Agreement (Doc. 59-1), which is between Plaintiff Natisha Rieske and Defendant Accounting Fulfillment Services, LLC d/b/a/ 1-800Accountant (the "Company"), resolves the pending action in its entirety. As set forth in the Settlement Agreement, the Company will pay a total sum of $44,000.00 to resolve this matter, to include the following: (1) $15,000.00 to Plaintiff representing claimed back wages; (2) $15,000.00 to Plaintiff as liquidated damages; and (3) $14,000.00 to Plaintiff's counsel for attorney's fees. The parties were represented by counsel experienced in litigating FLSA claims and both the terms and conditions of the parties' settlement were the subject of arms-length negotiations between counsel. The parties agree that the settlement, which is the result of sufficient investigation and exchange of information, is a fair and reasonable compromise of Plaintiff's

FLSA claims given the risks and uncertainties of litigation. Based on my independent review, I agree that the settlement amount is fair and reasonable.

With respect to the agreed-to sum for attorney's fees and costs, the parties represent that they were negotiated separately from Plaintiff's recovery. (Doc. 59 at 5); *see Bonetti v. Embarq Mgmt. Co.*, Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009). Under the circumstances, I submit that the amount of $14,000.00 for attorney's fees and costs appears to be reasonable.[2]

Accordingly, I submit that the FLSA Settlement Agreement (Doc. 59-1) should be approved as a fair and reasonable compromise of Plaintiff's FLSA claim.

### III.   RECOMMENDATION

For the reasons stated above, I recommend that the parties' joint motion for settlement approval (Doc. 59) should be **granted.** The Court should approve the FLSA Settlement Agreement (Doc. 59-1); and dismiss the case with prejudice.

DONE and ENTERED in Ocala, Florida on March 1, 2026.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

---

[2] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "an in-depth analysis . . . unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting *Perez v. Nationwide Protective Servs.*, Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable based on the history of this case and Plaintiff does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

Copies furnished to:

Presiding District Judge
Counsel of Record